2026 IL App (1st) 250405-U

FIFTH DIVISION
July 31, 2026

No. 1-25-0405

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 1979 C 00799001 |
| | ) | |
| LARRY MACK, | ) | The Honorable |
| | ) | Nicholas Kantas, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE WILSON delivered the judgment of the court.
Presiding Justice Mitchell and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court properly denied petitioner leave to file a successive postconviction petition.

¶ 2    Petitioner Larry Mack appeals from the denial of leave to file a successive postconviction petition which alleged that trial counsel was ineffective for failing to investigate and argue that the offense was accidental. The circuit court denied Mack's request for leave to file his successive petition for postconviction relief because it determined that the issues raised therein were barred

by the doctrine of *res judicata* and therefore, Mack could not show cause or prejudice. For the following reasons, we affirm the judgment of the circuit court.

¶ 3                                    BACKGROUND

¶ 4        The following recitation of facts and procedural history is taken from *People v. Mack*, 2022 IL App (1st) 162344-U, ¶¶ 4-18.

¶ 5        It is undisputed that on November 23, 1979, the then 24-year-old Mack shot and killed Kolar, a bank security guard, while he and his two codefendants were committing armed robbery. Mack told police during their investigation that the shooting was accidental. The evidence at trial generally showed that during the robbery, Mack shot Kolar twice: once in the arm when Kolar tried to push the gun away, and a second time in the chest as Mack stood over him. Defense counsel, who made no opening statement or closing argument, rested without presenting evidence, and eventually filed a motion for a new trial, in which he argued his own ineffectiveness. The trial court found Mack guilty of intentional murder, knowing murder and felony murder as well as armed robbery.

¶ 6        Mack initially received a death sentence for murder and two concurrent 25-year prison terms for armed robbery. At his capital sentencing hearing, Mack testified that he shot Kolar once, not twice, and that the shooting was accidental. Specifically, the gun discharged when Kolar grabbed it.

¶ 7        On appeal to the Illinois Supreme Court, Mack argued that trial counsel was ineffective for failing to present his testimony at the first phase of his sentencing hearing and for failing to present evidence impeaching the State's version of events. The court found that Mack had not satisfied either prong of *Strickland v. Washington*, 466 U.S. 668 (1984).  Our supreme court found that "[w]hile the defendant's testimony about the first shot being accidental may not be wholly

implausible, his testimony regarding the second and fatal shot is impossible to accept in view of the other evidence in the case." The court did, however, vacate one armed robbery conviction as well as his convictions for knowing murder and felony murder. *People v. Mack*, 105 Ill. 2d 103 (1984).

¶ 8    The United States Supreme Court then vacated that decision on other grounds (*Mack v. Illinois*, 479 U.S. 1074 (1987)), and the Illinois Supreme Court ultimately affirmed the judgment a second time (*People v. Mack*, 128 Ill. 2d 231 (1989), *cert. denied*, 493 U.S. 1093 (1990)).

¶ 9    After significant postconviction proceedings, Mack was resentenced to natural life for the intentional murder of Kolar, and nine years in prison for armed robbery. During resentencing, the State sought the death penalty on the premise that Mack acted with the intent to kill Kolar or acted with the knowledge that his acts created a strong probability of death or great bodily harm, in the course of an armed robbery. Mack's new counsel, however, presented evidence supporting his assertion that he shot Kolar only once, not twice, and did so accidentally. Defense counsel presented evidence indicating that while Kolar sustained two entrance and exit wounds, the first bullet entered and exited Kolar's body twice. In addition, the second bullet that was fired directly struck the floor without entering Kolar's body. Counsel also presented evidence that Mack could not have shot Kolar while standing over him in the manner suggested by the State. Indeed, the medical examiner, who testified for the State, essentially acknowledged that Kolar's wounds were inconsistent with that theory. The medical examiner also acknowledged that a single bullet could have caused all of Kolar's wounds. Following such evidence, the jury was unable to unanimously find that Mack was eligible for a death sentence, apparently because they could not agree that Mack intended to kill Kolar or knew that his acts created a strong possibility of death or great bodily harm.

¶ 10 Notwithstanding this new evidence and the jury's finding, the trial court sentenced Mack to life imprisonment on February 26, 2002. In imposing a life sentence, the court found that Mack's acts were brutal and heinous and that he acted with the knowledge that his conduct created a strong probability of death.

¶ 11 This court affirmed the judgment on appeal. People v. Mack, No. 1-02-0961 (2004) (unpublished order under Supreme Court Rule 23). We found that a constitutional violation occurred under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which requires a fact that increases the penalty for a crime beyond the statutory maximum to be submitted to a jury and proved beyond a reasonable doubt. However, we found that this error was harmless in light of the evidence presented at trial. Specifically, we found that evidence of the brutal and heinous nature of the crime was overwhelming and that the life sentence was appropriate given the brutal and heinous nature of the crime.

¶ 12 Mack then filed a *habeas corpus* petition, again challenging his sentence under *Apprendi. Mack v. McCann*, 530 F.3d 523 (7th Cir. 2008); *Mack v. Battaglia*, 441 F. Supp. 2d 928 (N.D. Ill. 2006). In 2008, the Seventh Circuit found that Mack waived his right to have a jury determine his state of mind and that no *Apprendi* violation occurred. While a natural life sentence "founded solely on the findings of the 2001 trial court *** would violate the principle of *Apprendi*," the 1981 trial court's conclusion under the reasonable doubt standard that Mack acted intentionally and with knowledge that his acts created a strong probability of death essentially meant that no violation occurred. Thus, unlike our finding, the Seventh Circuit's finding

that Mack's life sentence was appropriate rested on the intentional and knowing nature of his acts, not the brutal and heinous nature of the crime.

¶ 13      Later that year, Mack through private counsel, filed a "motion for leave to file a motion for summary judgment and for vacation of his conviction for intentional and knowing murder." He sought, in pertinent part, to revive a postconviction claim raised prior to resentencing. Specifically, his 1990 postconviction petition alleged that trial counsel's lack of investigation led counsel to be unaware of evidence that would have bolstered his assertion that the shooting was accidental. Mack had ultimately received the aforementioned sentencing relief from that petition, but his ineffective assistance of counsel claim raised therein was not specifically addressed. He argued that evidence presented at resentencing *after* his postconviction petition was filed supported his claim that trial counsel failed to conduct a proper investigation. The trial court denied Mack relief.

¶ 14      On appeal, the reviewing court found that the trial court erroneously characterized the motion as a new petition filed under the Act but found that Mack's ineffective assistance of counsel claim had been abandoned. *People v. Mack*, No. 1-09-1369 (July 23, 2010) (unpublished order under Supreme Court Rule 23).

¶ 15      On May 12, 2011, Mack filed a *pro se* "Motion for Leave to File Successive Petition For Post Conviction Relief," reiterating that trial counsel was ineffective based on evidence presented at his resentencing hearing. Despite the petition's label, this was actually the first postconviction petition Mack filed after resentencing, or in other words, after his "conviction." Due to the pleading's label and other content, however, the trial court treated it as a successive petition and found that Mack had failed to establish the necessary cause and prejudice.

¶ 16      We affirmed the trial court's judgment rejecting Mack's assertion that his sentence was void and found that the trial court's treatment of his petition as successive was invited error. Yet,

appellate postconviction counsel presented no argument regarding the merits of Mack's ineffective assistance of counsel claim. *People v. Mack*, 2013 IL App (1st) 113068-U.

¶ 17    Mack filed a *pro se* petition seeking leave to file a successive petition on June 8, 2015. He argued once more that evidence presented at resentencing contradicted the State's trial theory that he deliberately shot Kolar twice, execution style, and fired the fatal second shot into Kolar's chest while standing over him. In addition, he argued that trial counsel was ineffective for failing to pursue such evidence. Had counsel done so, the trial court may have believed that the shooting was accidental, which would have precluded a natural life sentence.

¶ 18    On May 12, 2016, the trial court denied Mack leave to file his successive petition because his ineffective assistance of counsel claim was barred by *res judicata.* Our 2013 decision affirmed the trial court's rejection of the same claim based on the same evidence. *People v. Mack*, 2013 IL App (1st) 113068-U.

¶ 19    On appeal, Mack argued that the trial court erred in denying his leave to file his successive petition because he established cause and prejudice with respect to his claim that trial counsel was ineffective for failing to investigate his account of events. Specifically, he asserted that the evidence presented at his resentencing hearing corroborated his claim that he shot Kolar accidentally, not intentionally or knowingly, precluding a natural life sentence. We affirmed the trial court's judgment on appeal finding that Mack's claims were barred by *res judicata*. *People v. Mack*, 2022 IL App (1st) 162344-U, ¶ 30-32.

¶ 20    Mack sought leave to file the instant successive postconviction petition on February 27, 2024. Again, Mack argued that trial counsel was ineffective for failing to investigate and substantiate that the shooting of Kolar was accidental theory and that his life sentence was void. On July 2, 2024, the circuit court denied Mack's motion in a written order. The court explained

that Mack never alleged cause for failure to raise this claim in the prior proceedings, which was "necessary" to file a successive petition. In addition, *res judicata* barred relitigating the same claim in a successive petition, and Mack never explained why *res judicata* should be relaxed. This appeal followed.

¶ 21                                            ANALYSIS

¶ 22    Mack is not challenging his sentence on appeal. His sole argument is that the circuit court erred when it denied him leave to file his successive postconviction petition alleging ineffective assistance of trial counsel. Mack contends that the recent Illinois Supreme Cout decision in *People v. Guy*, 2025 IL 129967, permits this court to address the merits of his second successive postconviction petition. The State responds that the circuit court properly denied Mack leave to file his successive postconviction petition where the ineffective assistance of counsel issue he raised was barred by *res judicata* and therefore he could not show cause or prejudice. The State further argues that *Guy* does not change this outcome.

¶ 23    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)) "provides a statutory remedy to defendants who claim substantial violations of their rights occurred in the proceedings that resulted in their conviction." *People v. Reed*, 2020 IL 124940, ¶ 18. A postconviction petition is not an appeal from a conviction but is a collateral attack on the trial proceedings. *Id*. "[I]ssues that were raised and decided on direct appeal are barred by *res judicata*, and issues that could have been raised on direct appeal, but were not, are forfeited." *Id*.

¶ 24    The Act contemplates the filing of only one post-conviction petition. *People v. Edwards*, 2012 IL 111711, ¶ 22. Accordingly, a defendant seeking leave to file a successive petition must first obtain leave of court. *People v. Tidwell*, 236 Ill. 2d 150, 157 (2010). The bar to successive post-conviction proceedings will be relaxed only where the petitioner demonstrates both cause and

7

prejudice for the failure to raise the claim in an earlier proceeding, or actual innocence under the "fundamental miscarriage of justice" exception. *Edwards,* 2012 IL 111711, ¶ 22; *People v. Smith*, 2014 IL 115946, ¶ 30.

¶ 25    To demonstrate cause, a defendant must identify an objective factor external to the defense that impeded his ability to raise the claim during initial post-conviction proceedings. 725 ILCS 5/122-1(f) (West 2024). To establish prejudice, a defendant must show the alleged error so infected the proceedings the resulting conviction or sentence constituted a denial of due process. *People v. Wrice*, 2012 IL 111860, ¶ 48. The burden rests on the petitioner to make a prima facie showing of both cause and prejudice to obtain leave before further proceedings on his claims. *People v. Bailey*, 2017 IL 121450, ¶ 24.

¶ 26    All well-pleaded facts set forth in the petition, together with any supporting documentation, must be construed liberally in favor of the defendant. *People v. Robinson*, 2020 IL 123849, ¶ 44. The parties' prior arguments, and any forfeiture of those arguments, operates as a limitation on the parties and not this court. *People v. Ratliff*, 2024 IL 129356, ¶ 26. Whether a petitioner's pleadings satisfy the cause-and-prejudice test for leave to file a successive petition is a question we review *de novo*. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002).

¶ 27    Cause required showing an external factor that prevented earlier litigation. 725 ILCS 5/122-1(f) (West 2024) (a defendant must identify an objective factor external to the defense that impeded his ability to raise the claim during initial post-conviction proceedings). Mack does not argue cause in his brief before this court, presumably because Mack knew he could not establish the necessary cause for failure to raise this claim in an earlier proceeding because it is clear that Mack *did* previously litigate this ineffective assistance of counsel claim. In 1984, his direct appeal involved counsel's ineffectiveness at the sentencing phase. Since then, he has repeatedly raised the

same accidental shooting theory in multiple postconviction filings since 1990. Each time, the courts have rejected the claim on the merits or found it barred. See *People v. Mack*, 105 Ill. 2d 103 (1984); *Mack*, 2013 IL App (1st) 113068-U; *Mack*, 2022 IL App (1st) 162344-U.

¶ 28    "The doctrine of *res judicata* bars consideration of issues that were previously raised and definitively settled by judicial decision." *People v. Montanez*, 2023 IL 128740, ¶ 103. "[W]here a petitioner has previously taken a direct appeal from a judgment of conviction, the judgment of the reviewing *526 **833 court is *res judicata* as to all issues actually decided by the court, and any other claims that could have been presented to the reviewing court, if not presented, are waived." *People v. Flores*, 153 Ill. 2d 264, 274 (1992). In proceedings under the Act, "fundamental fairness for relaxing the doctrine [of *res judicata*] is established by satisfying the requirements of the cause-and-prejudice test." *People v. Clark*, 2023 IL 127273, ¶ 45.

¶ 29    Mack contends that *People v. Guy*, 2025 IL 129967, has "superseded" this Court's prior conclusion in *Mack*, 2022 IL App (1st) 162344-U, ¶ 31  ("We lack the supervisory authority of our supreme court *** We find no authority to overcome the strictures of the Act and *res judicata*"), and now empowers this court to reach the merits of his ineffective assistance claim. This argument misreads *Guy* and fundamentally misunderstands both its holding and procedural posture. Guy does not overcome the bar of *res judicata* in this case.

¶ 30    In *Guy*, the defendant sought to file a successive petition, raising for the first time the issue of inconsistent verdicts and ineffective assistance of counsel. *Id*. ¶ 1. The defendant had been convicted of both attempted first degree murder of one victim and the second-degree murder based on the defendant's subjective belief that his actions toward the second victim were lawfully justified. *Id*. The jury had been instructed that the defendant "could be found guilty of attempted first-degree murder if he had the intent to kill, which allowed for a conviction despite the jury's

finding that [the defendant] acted with the subjective intent to kill with lawful justification." *Id.* ¶ 66. The issue on appeal was whether he could be convicted of attempted first-degree murder if he acted with intent to kill with lawful justification, *i.e.*, acted in self-defense. *Id.* ¶ 29.

¶ 31 Only after resolving the substantive issue did the supreme court consider the failure of the defendant's attorneys to raise these claims in a timely manner. *Id.* ¶ 67. The *Guy* court observed that "[t]hree attorneys share in the fault for failing to adequately raise these issues: trial counsel, direct appeal counsel, and appointed [successive] postconviction counsel." *Id.* The court found that Guy's successive postconviction counsel failed to present his instruction issue in proper legal form, *i.e.*, appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness. *Id.* ¶ 69. Further, successive postconviction counsel failed to file a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). The reviewing court noted that had postconviction counsel properly framed Guy's claims, the State would have been thwarted from raising a procedural bar. *Guy*, 2025 IL 129967, ¶ 69.

¶ 32 The distinctions between *Guy* and Mack's case are decisive. In *Guy*, the defendant's claim which was centered on a misinstruction regarding the mental state for attempted first-degree murder had never been adjudicated, and the Illinois Supreme Court exercised its unique supervisory authority to reach the merits only because the State forfeited all procedural defenses by failing to raise them in its petition for leave to appeal. That circumstance is absent here. Mack's ineffective assistance claim based on his accidental-shooting theory was fully litigated decades ago, reaffirmed repeatedly, and is therefore firmly barred by *res judicata*. *Guy* did not announce an intervening change in law that could supply cause under the Act in this case. Hence, Mack cannot establish the necessary cause to successfully file a successive postconviction petition.

¶ 33 Furthermore, *Guy* offers no support for avoiding *res judicata* because the issues in *Guy*

were not previously decided, whereas *Mack* has raised the same claim for 45 years, meaning he cannot establish cause, prejudice, or any exception to the Act's procedural limits. Most importantly, *Guy* did not create any new mechanism allowing this court to bypass statutory bars, nor did it grant this court any form of the Supreme Court's supervisory power, making *Guy* wholly inapplicable to Mack's procedurally foreclosed claim. For these reasons, *Guy* cannot be invoked to revive a claim that has already been adjudicated for over four decades.

¶ 34                           CONCLUSION

¶ 35    For the foregoing reasons, we find that the circuit court did not err in denying Mack leave to file his successive postconviction petition. "Because we find that the petitioner has failed to establish cause, we need not determine whether he made the requisite showing of prejudice." *People v. Guerrero*, 2012 IL 112020, ¶¶ 15, 22. Accordingly, we affirm the judgment of the circuit court.

¶ 36    Affirmed.